PROB 12C
(Rev.2011)

# United States District Court
for
Middle District of Tennessee

## Superseding Petition for Summons for Offender Under Supervision
[Supersedes Petition Filed as Docket Entry No. 49]

Name of Offender: <u>Brandon D. Wells</u>　　　Case Number: <u>3:07-00257</u>

Name of Sentencing Judicial Officer: <u>Honorable Thomas A. Wiseman, Jr., Senior U.S. District Judge</u>

Date of Original Sentence: <u>December 15, 2008</u>

Original Offense: <u>18 U.S.C.§ 922(g)(1), Felon in Possession of a Firearm</u>

Original Sentence: <u>72 months' custody followed by 3 years' supervised release</u>

Type of Supervision: <u>Supervised Release</u>　　　Date Supervision Commenced: <u>May 31, 2013</u>

Assistant U.S. Attorney: <u>S. Carran Daughtrey</u>　　　Defense Attorney: <u>C. Douglas Thoresen</u>

### PETITIONING THE COURT

\_\_\_\_\_ To issue a Summons
\_\_\_\_\_ To issue a Warrant
__X__ To consider additional violations/information

### THE COURT ORDERS:

☐ No Action
☐ The Issuance of a Warrant
　　☐ Sealed Pending Warrant Execution
　　(cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons
☒ Other  Hearing set for September 25, 2013 at 11:00 a.m.
☒ The Consideration of Additional Alleged Violations/Information

Considered this 10th day of September 2013, and made a part of the records in the above case.

_____
Thomas A. Wiseman, Jr.
Senior U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.
Respectfully submitted,

_____
Kara Sanders
U.S. Probation Officer Specialist

Place　　Nashville, TN

Date　　September 9, 2013

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 49, has been amended as follows:

    Violation No. 1 – has been amended to include additional positive drug tests.

    Violation No. 2 – has been amended to include additional treatment information.

    Violation No. 4 – has been added to report failure to enter half-way house.

    Violation No. 5 – has been added to report failure to find and maintain employment.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
|---|---|
| 1. | **The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.** |

    Since starting supervised release, Mr. Wells has tested positive for illegal drugs seven times.

    Prior to his release to supervision, while residing at Diersen Charities, Mr. Wells tested positive for marijuana and cocaine on May 17, 2013. He reported to the probation officer, on June 3, 2013, that he did use marijuana and cocaine on May 17, 2013, while in the custody of the Bureau of Prisons. The Bureau of Prisons took no action based on the fact his release was schedule for May 31, 2013. On June 3, 2013, he was given a drug test at the probation office and his urine tested positive for marijuana and cocaine. Initially, Mr. Wells only admitted to marijuana use, but eventually revealed he also used cocaine on June 1, 2013.

    On June 24, 2013, Mr. Wells, again, tested positive for marijuana and cocaine. He admitted he used marijuana and cocaine on June 23, 2013.

    On June 28, 2013, during a home contact, Officer Sanders found two partially smoked marijuana cigarettes in his room. They were in plain view on a mirror next to his bed. Mr. Wells admitted the marijuana was his and he had been smoking marijuana laced with cocaine for several weeks.

|  |  |
|---|---|
|  | On July 9, 2013, Mr. Wells failed to report for a random drug test. On July 17, 2013, he tested positive for cocaine and marijuana, and admitted he was continuing to use drugs. |
| **New violation** | On August 7, 2013, Mr. Wells tested positive for cocaine and marijuana. He did admit to using cocaine and marijuana a few days prior to the drug test. On August 14, 2013, he tested positive again for cocaine and marijuana. He denied any new illegal drug use and stated he believed the marijuana was still in his system from his previous use. |
|  | On August 26, 2013, Mr. Wells failed to report for a drug test. Officer Sanders contacted him and instructed him to report the next day for a drug test. Mr. Wells stated he would report the next day and indicated he forgot to call, but his drug test would be negative. On August 27, 2013, he tested positive for marijuana and cocaine. He denied any new illegal drug use. Alere Laboratories confirmed the specimen was positive for marijuana and cocaine. |
|  | On August 20, 2013, Mr. Wells tested positive for Marijuana, but not cocaine. He denied any new marijuana use. On September 3, 2013, Mr. Wells failed to report for a drug test. Officer Sanders contacted him again instructing him to report the next day before 9:00 a.m. for a drug test. On September 4, 2013, Mr. Wells reported at 4:45 p.m. and tested positive for marijuana and cocaine. He admitted to using marijuana laced with cocaine from August 30, 2013, to September 2, 2013. |
| 2. | **The defendant shall participate in a program of drug testing and substance abuse treatment which may include a 30-day inpatient treatment program followed by up to 90 days in a residential reentry center at the direction of the probation officer. The defendant shall pay all or part of the cost for substance abuse treatment if the probation officer determines the Defendant has the financial ability to do so or has appropriate insurance coverage to pay for such treatment.** |
|  | On June 18, 2013, Mr. Wells was assessed by Centerstone Mental Health for treatment needs. Centerstone recommended he attend group substance abuse treatment weekly. He was instructed to begin treatment on June 19, 2013. He failed to attend treatment on June 19, 2013. During a home contact on June 25, 2013, Officer Sanders instructed Mr. Wells to attend treatment on June 26, 2013. Mr. Wells did report to Centerstone on June 26, 2013, but failed to attend treatment because he fell asleep in the lobby. |

Mr. Wells attended group treatment on July 3, 10, and 17, 2013. On July 17, 2013, Mr. Wells was instructed by Officer Sanders to comply with all of the treatment recommendations of Centerstone. On July 18, 2013, Centerstone recommended he begin individual mental health treatment and receive a psychiatric evaluation. Mr. Wells did not schedule his individual treatment as instructed.

**New Violation**    On July 24, 2013, Mr. Wells missed substance abuse treatment group due to being in custody for the Criminal Trespassing charge. He was released from custody on July 29, 2013. He failed to attend treatment group on July 31, 2013. He did attend treatment group on August 7, 2013. In addition, he attended individual treatment on August 7, 2013, and was instructed to continue weekly treatment in conjunction with weekly group treatment. Mr. Wells did attend individual and group treatment on August 14, and 21, 2013. He attempted to attend group treatment on August 28, 2013, but was late and not allowed into group. On September 4, 2013, he failed to attend treatment.

On August 27, 2013, Mr. Wells missed his psychiatric assessment with Centerstone Mental Health and did not reschedule.

3.    **<u>The defendant shall not commit another federal, state or local crime.</u>**

On July 23, 2013, Mr. Wells was arrested and charged with Criminal Trespass by the Metro Nashville Police Department. The affidavit reports Metro detectives attempted to conduct a drug related "knock and talk" at 1601 Herman Street, Apartment C-15, based on a drug complaint. The complaint referenced a 6'7", 350 pound male black named "Brandon" who was selling narcotics at the location. (This is the residence Mr. Wells reports to the U.S. Probation Office as his residence.) No one responded at the apartment during the knock. After detectives walked away, the suspect, "Brandon", was seen leaving the building. Detectives made consensual contact with "Brandon." The defendant was positively identified as Brandon Wells. The defendant denied coming from the apartment and stated that he did not live at the location, and he lived at 936 16th Avenue North. The defendant initially stated that he was visiting his mother. A detective spoke to his mother, and she stated that she had not lived at apartment C-15 since May. The location of 1601 Herman Street has an active trespassing waiver on file. The defendant had no legitimate reason for being on the property and was arrested for Criminal Trespass.

On July 29, 2013, this charge was dismissed. Mr. Wells was released on custody on the same day.

    **4.**     <u>**The defendant shall reside at a halfway house and abide by their rules.**</u>

On August 7, 2013, the Court ordered Mr. Wells to enter a halfway house. Officer Sanders provided Mr. Wells a list of halfway houses in the Nashville area. On August 8, 2013, Officer Sanders conducted a home contact and Mr. Wells stated he would begin looking for a halfway house and employment. On August 12, 2013, Officer Sanders contacted Mr. Wells, and he indicated he was having trouble locating a halfway house. Officer Sanders instructed him to document all of his efforts to find a halfway house.

On August 20, 2013, Officer Sanders conducted another home contact, and Mr. Wells was not able to provide any documentation pertaining to a search for a halfway house. He did report calling Dismas House and was told they did not have any bed available. Officer Sanders contacted Oasis halfway house during the home contact, and was informed they would not have a bed available until December 2013. Officer Sanders contacted Mr. Wells' attorney and requested assistance with regard to finding a halfway house. Mr. Wells was instructed to report to his attorney's office for an additional list of halfway houses. Mr. Wells complied.

On August 26, 2013, Officer Sanders instructed Mr. Wells to provide documentation for his halfway house search. He stated he would provide it when he reported for his drug test the following day. To date, Mr. Wells has provided no documentation with regard to attempts to enter a halfway house.

    **5.**     <u>**The defendant shall find and maintain employment.**</u>

On August 7, 2013, Officer Sanders provided Mr. Wells with job search forms to document his search for employment. To date, Mr. Wells has provided no documentation to indicate he has been applying for employment. Mr. Wells was directed to go to Project Return and Goodwill Industries for assistance. Officer Sanders has addressed this with him on multiple occasions and he continuously states that he cannot search for employment due to a lack of transportation and money.

**<u>Compliance with Supervision Conditions and Prior Interventions:</u>**

Mr. Wells began his term of supervised release on May 31, 2013. His supervision is scheduled to expire on May 30, 2016. He was initially employed full-time with United Record Pressing in Nashville, Tennessee. On June 21, 2013, his employment was terminated for failure to report to work.

Mr. Wells has reported living at his mother's residence since his release.

**Update on Offender Characteristics:**

On July 23, 2013, Mr. Wells reported to the U.S. Probation Office on the summons issued by Your Honor. He was processed by the Marshals Service, made his initial appearance and released. At that time, Mr. Wells had not followed through with his mental health treatment, but was attending substance abuse treatment. Officer Sanders instructed Mr. Wells to contact Centerstone to schedule a mental health appointment. Mr. Wells did this while in the probation office.

On August 7, 2013, a revocation hearing was held before Your Honor and the case was reset until October 1, 2013, to allow Mr. Wells additional time to comply with his release conditions and to enter into a halfway house. Mr. Wells has continued to violate the conditions of his release and has made little to no effort to enter a halfway house.

**U.S. Probation Officer Recommendation:**

It is respectfully recommended that this additional information and new violations be considered and an expedited revocation hearing be scheduled.

The U.S. Attorney's Office concurs with the probation officer's recommendation.

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

## SENTENCING RECOMMENDATION
### UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. BRANDON D. WELLS, CASE 3:07-00257

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** V

**ORIGINAL OFFENSE DATE:** Post April 30, 2003        **Protect Act Provisions**

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 Years (Class C felony) 18 U.S.C. § 3583(e)(3) | 7-13 Months U.S.S.G §7B1.4(a) | No recommendation |
| SUPERVISED RELEASE: | 36 months less any term of imprisonment 18 U.S.C. § 3583(h) | 1-3 years U.S.S.G. § 5D1.2(a)(2) | No recommendation |

Revocation is mandatory if the court finds the defendant possessed a controlled substance in violation of the condition set forth in subsection (d), 18 U.S.C. § 3583(g)(1), and as a part of drug testing, tests positive for illegal controlled substances more than three time over the course of one year, and 18 U.S.C. §3583(g)(4)

In the case of a defendant who fails a drug test, the court shall consider whether the availability of appropriate substance abuse programs, or a defendant's current or past participation in such programs, warrants an exception from the requirement of mandatory revocation and imprisonment under 18 U.S.C. § 3583(d).

**Guideline Policy Statements:**
Upon a finding of a Grade C violation, the Court may revoke supervised release, extend the term of supervised release and/or modify the conditions of supervision, U.S.S.G § 7B1.3(a)(2).

Respectfully submitted,

Kara Sanders
U.S. Probation Officer Specialist

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

LF021
REV 05/01

# VIOLATION WORKSHEET

1. **Defendant** Brandon D Wells
2. **Docket Number** *(Year-Sequence-Defendant No.)* 0650 3:07CR00257 - 1
3. **District/Office** Middle District of TN
4. **Original Sentence Date** 12 / 15 / 2008
                                     month   day   year
5. **Original District/Office** _____
   *(if different than above)*
6. **Original Docket Number** *(Year-Sequence-Defendant No.)* _____
7. **List each violation and determine the applicable grade (see §7B1.1):**

| Violation(s) | Grade |
|---|---|
| shall not possess a controlled substance | C |
| shall participate in drug testing | C |
| shall not commit another federal, state or local crime | C |
| shall reside at a halfway house | C |
| shall maintain employment | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))* — c
9. **Criminal History Category** *(see §7B1.4(a))* — V
10. **Range of Imprisonment** *(see §7B1.4(a))* — 7-13 months
11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box)*:

☐ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

☒ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

LF021
REV 05/01

**Defendant** Brandon D Wells

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution($) _____     Community Confinement _____

    Fine($)        _____     Home Detention          _____

    Other          _____     Intermittent Confinement _____

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: _____ to _____ years

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from imprisonment: 1-3 yrs

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002